**SWAN VIEW COALITION,
et al., Plaintiffs,**

v.

**DEPARTMENT OF AGRICULTURE,
et al., Defendants.**

**No. Civ.A. 97–3047 (RMU).**

United States District Court,
District of Columbia.

March 22, 1999.

Eric Robert Glitzenstein, Howard Mesnikoff Crystal, Meyer & Glitzenstein, Washington, DC, for Plaintiffs.

Claire M. Whitaker, Kimberly Brown, U.S. Attorney's Office, Wilma Antoinette Lewis, U.S. Attorney's Office, Civil Division, Washington, DC, for Defendants.

### MEMORANDUM OPINION

URBINA, District Judge.

**Granting Defendants' Motion for Summary Judgment; Denying Plaintiffs' Motion for Summary Judgment**

### I. INTRODUCTION

This matter comes before the court upon the parties' cross-motions for summary judgment. In their complaint, the plaintiffs maintain that the defendants, the Department of Agriculture and the United States Forest Service (hereinafter collectively referred to as "USDA") acted in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, when they failed to provide documents requested pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The plaintiffs are two Montana non-profit organizations, Swan View Coalition and Friends of the Wild Swan, dedicated to conservation issues.

Specifically, the plaintiffs assert that from May 1997 to December 1997 the USDA failed to respond to all FOIA requests submitted to the department, including three submitted by the plaintiffs, because it was acting pursuant to a "policy or practice" to ignore such requests. Although the USDA subsequently has complied with the FOIA by providing the plaintiffs with the three requested documents and others thereafter requested, the plaintiffs maintain the present suit and seek a declaratory judgment requiring the USDA to comply with federal law and respond in a timely fashion to FOIA requests. The defendants challenge the plaintiffs' suit on various justiciability grounds. The defendants also challenge the plaintiffs' assertion that the USDA adopted a "policy or practice" of not responding to FOIA requests. The defendants assert that the delay in responding to the plaintiffs' FOIA requests was the result of downsizing and office reorganization caused by budget cuts.

Upon consideration of the parties' submissions and the applicable law, the court concludes that declaratory relief is not an appropriate remedy in this case. Accordingly, the defendants' motion for summary judgment will be granted and the plaintiffs' motion for summary judgment will be denied.

### II. BACKGROUND

#### A. Freedom of Information Act

Congress enacted the FOIA to allow greater access to information under the

control of administrative agencies. The FOIA embraces the general philosophy that citizens should be allowed to know what their government is doing. *See Epps v. United States Dep't of Justice,* 801 F.Supp. 787, 789–90, *aff'd in part, vacated in part,* 995 F.2d 305 (D.C.Cir.1993). Accordingly, full agency disclosure of information is required under the FOIA unless the information is exempted under clearly delineated statutory language. *See United States Dep't of Defense v. Federal Labor Relations Auth.,* 510 U.S. 487, 491, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994). Furthermore, a court is to liberally construe the FOIA in favor of disclosure, and its exemptions are to be narrowly construed. *See United States Dep't of Justice v. Julian,* 486 U.S. 1, 8, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). The agency denying a FOIA request bears the burden of establishing that a particular record falls within one of the enumerated statutory exemptions. 5 U.S.C. § 552(a)(4)(B).

Each member of the public has an equal right to disclosure regardless of special interest in the information requested. Therefore, except in cases involving a claim of privilege, the identity of the requesting party has no bearing on the merits of the FOIA request. *See Federal Labor Relations Authority,* 510 U.S. at 496, 114 S.Ct. 1006. Additionally, each member of the public is treated equally regardless of their purpose for requesting the information. *See Epps,* 801 F.Supp. at 790. When a member of the public makes a FOIA request, an agency has twenty working days to respond. 5 U.S.C. § 552(6)(A)(i). The agency may grant itself an extension of ten additional working days in "unusual circumstances." 5 U.S.C. § 552(6)(B). In the event an agency does not respond to a request as required by the statute, the FOIA vests jurisdiction in federal courts to "enjoin the agency from withholding records." 5 U.S.C. § 552(a)(4)(B).

**B. Procedural History**

The USDA maintains a Support Services Unit under the United States Forest Service that administers FOIA requests concerning the Flathead National Forest, a 2.3 million-acre area in northwest Montana. Ms. Royelynn Warren has been the Supervisor of the Support Services Unit for the Flathead National Forest for the past ten years and processes all FOIA requests. Since 1993, Ms. Warren has processed eighty-five FOIA requests submitted by the plaintiffs constituting nearly one fourth of the total FOIA requests submitted to the Support Services Unit. (Warren Decl. ¶ 5.) Beginning in 1996, the Support Services Unit began to downsize and reorganize because of the impact of a steady decrease in its budget since 1994. (Christophersen Decl. ¶ 22.)

From February to September 1997, the Support Services Unit did not respond to twelve FOIA requests within the statutory time period of twenty days. The plaintiffs submitted three of the twelve FOIA requests. The plaintiffs' first was a May 1997 request concerning forest plan monitoring. Their second was a July 1997 request concerning timber harvesting and road construction, and their third was a September 1997 request concerning the treatment of old growth trees in the Flathead National Forest. None of the three requests involved information exempted from disclosure under the FOIA. The plaintiffs contacted the USDA in November 1997 to inquire about the status of their three FOIA requests; however, the USDA provided no further information. Consequently, the plaintiffs filed suit in December 1997 seeking two separate forms of relief: (1) a court order for the release of records responsive to the three unanswered requests, and (2) a declaratory judgment ordering the USDA to desist from an alleged policy or practice of not responding to FOIA requests.

In January 1998, the USDA provided the plaintiffs with records responsive to the three outstanding FOIA requests. Ac-

cordingly, by order entered May 7, 1998, this court dismissed the portion of the plaintiffs' complaint that sought release of those records. Despite receiving the records requested, the plaintiffs maintained the present suit alleging that the USDA had adopted a policy or practice of not responding to FOIA requests in violation of the APA. The plaintiffs assert that such a policy or practice will result in future injury by causing them to commit scarce resources to litigation to secure USDA compliance with the FOIA. The USDA contends that the delay in responding to the plaintiffs' FOIA requests was the result of downsizing and office reorganization caused by budget cuts, not a policy or practice to avoid responding to FOIA requests. Additionally, the USDA contends that it has completed the reorganization of the Support Services Unit and anticipates pre–1997 levels of performance. The court allowed discovery to go forth upon the plaintiffs' policy claim by order entered May 7, 1998.

## III. LEGAL STANDARD

### A. Summary Judgment

All parties to this action have filed motions for summary judgment. Summary judgment is appropriate upon a finding that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The substantive law upon which a claim rests determines which facts are "material." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a fact bears upon an essential element of the legal claim, then it is material; otherwise, it is not. *See id.; Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Only disputes over facts that can establish an element of the claim, and thus might affect its ultimate resolution, can create a "genuine issue" sufficient to preclude summary judgment. *See Anderson,* 477 U.S. at 248, 106 S.Ct.

2505; *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

To prevail on a motion for summary judgment, the moving party bears the burden of establishing that there are no genuine issues of material fact and that the nonmoving party has failed to offer sufficient evidence to support a valid legal claim. *See Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. In ruling on the motion, the court must accept the evidence of the nonmoving party as true and must draw all justifiable inferences in favor of the nonmoving party. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. It is not sufficient, however, for the nonmoving party to establish "the mere existence of a scintilla of evidence in support of the [nonmoving party's] position ...; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252, 106 S.Ct. 2505. If the evidence in favor of the nonmoving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505 (internal citations omitted). Because the plaintiffs in this case have failed to establish the existence of facts necessary to prevail on their legal claim, summary judgment will be granted for the defendants.

### B. Administrative Procedure Act

Under the APA the court must hold unlawful any agency action, findings and conclusions that it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. § 706(2)(A). It is, however, well established that this standard of review is highly deferential, whereby the reviewing court presumes the agency action to be valid. *See Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). The court is prohibited from substituting its own judgment for that of the agency. *See id.* at 416, 91 S.Ct. 814. That is, the court is required to affirm the agency's decision if

it is supported by a rational basis. *See Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.,* 419 U.S. 281, 290, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). The reviewing court does not, however, serve as a mere rubber stamp for agency action. The court "must be assured that the agency decision was based on relevant factors, and [it] must make 'substantial inquiry' into the facts." *Ethyl Corp. v. Environmental Protection Agency,* 541 F.2d 1, 34–35 (D.C.Cir.1976) (quoting *Citizens to Preserve Overton Park,* 401 U.S. at 415, 91 S.Ct. 814). The court will examine the plaintiffs' arguments under this rubric.

## IV. DISCUSSION

■ In their complaint the plaintiffs originally asserted two claims against the USDA. The first claim sought a court order for the release of records responsive to three unanswered FOIA requests. In January 1998, the USDA provided the plaintiffs with records responsive to those three requests and, accordingly, the court dismissed as moot the plaintiffs' first claim. The plaintiffs' second and only remaining claim was styled as a "policy" claim. In this remaining claim, the plaintiffs allege that the USDA adopted a policy or practice of ignoring FOIA requests. The defendants maintain that no such policy of ignoring FOIA requests is now or ever has been in effect at the USDA.

In certain instances, a court may grant declaratory relief to a plaintiff even though the plaintiff's specific claim regarding a FOIA request is moot. One such instance arises when a plaintiff challenges an isolated agency action and the plaintiff's claim becomes moot during the course of litigation because the defendant voluntarily ceases to engage in the allegedly illegal conduct. *See United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *Houston v. Department of Housing and Urban Dev.,* 24 F.3d 1421, 1429 (D.C.Cir.1994). Another instance arises when a plaintiff challenges not just an isolated action, but also an allegedly illegal agency policy and the future implementation of that policy. *See Houston,* 24 F.3d at 1430. In either of these instances, the court undertakes essentially the same analysis to determine whether declaratory relief is appropriate. Specifically, the court considers the defendant's conduct both before the allegedly illegal action took place or policy was implemented and after the action ceased or policy was discontinued. *See W.T. Grant,* 345 U.S. at 632–33, 73 S.Ct. 894; *Payne Enterprises, Inc. v. United States,* 837 F.2d 486, 491–92, (D.C.Cir.1988). Additionally, the court considers the nature of the alleged violation and any expressions of intent or assurances of future compliance offered by the defendant. *See id.* Taking all these considerations as a whole, a court will generally grant declaratory relief if "there exists some cognizable danger of recurrent violation." *W.T. Grant,* 345 U.S. at 633, 73 S.Ct. 894. If, however, "there is no reasonable expectation that the alleged violation will recur," the court will generally deny declaratory relief. *Payne Enterprises,* 837 F.2d at 491–92.

Because the court's analysis is essentially the same whether the defendants' allegedly illegal conduct is characterized as an isolated action that was voluntarily ceased or an agency policy that may impede the plaintiffs' future access to information, the court need not resolve the parties' disagreement regarding the actual existence within the USDA of a policy to ignore FOIA requests. Instead, the court's analysis will focus on a review of the considerations articulated in *W.T. Grant and Payne Enterprises* to determine whether declaratory relief is appropriate in this case.

With respect to the plaintiffs' three 1997 requests, the USDA does not dispute that it failed to respond to those requests within the time mandated by the FOIA. The USDA contends, however, that these violations were an aberration and that agency policy is now and always has been to response to all FOIA requests in a timely

manner. (Christophersen Decl. ¶ 19.) The USDA offers as evidence its pre– and post–1997 levels of performance in responding to such requests. It is undisputed that from 1993 to 1997 the USDA timely responded to eighty-five of the plaintiffs' FOIA requests. In January 1998 the USDA responded to the plaintiffs' three unanswered FOIA requests from 1997, and since then it has responded to all subsequent requests in a timely manner.

The plaintiffs argue that the USDA responded to the three unanswered requests in January 1998 only after the plaintiffs initiated the present suit. Specifically, the plaintiffs assert that absent the threat of suit or court order mandating compliance with the FOIA, the USDA will continue to ignore the plaintiffs' and others' requests. The plaintiffs, however, have not offered any evidence to support their assertion. The USDA, on the other hand, has offered a plausible explanation for its performance during 1997. Ms. Warren and Mr. Allen Christophersen, the Acting Supervisor for the Flathead National Forest, submitted declarations indicating that the delay in responding to the plaintiffs' requests was caused by office downsizing and reorganization due to budget cuts. (Christophersen Decl. ¶ 16.) Specifically, because of the downsizing and reorganization it was necessary for Ms. Warren to assume greater management and supervisory responsibilities than she had in past years, thus reducing the time available for processing FOIA requests. (Warren Decl. ¶ 14–15, 19, 21.) Mr. Christophersen indicated that he anticipates a return to pre–1997 levels of performance now that the reorganization is complete. (Christophersen Decl. ¶ 19.)

The uncontested evidence proffered by the defendants demonstrates to this court that the failure of the defendants to respond in a timely manner to the plaintiffs' 1997 FOIA requests was indeed an aberration. The record establishes that the defendants' noncompliance was limited to a discrete period of time: approximately seven months between February 1997 and September 1997. The record further establishes that the defendants' conduct before and after this period in 1997 is one of compliance with the provisions of the FOIA. Moreover, the defendants' history of responding to FOIA requests from the plaintiffs and others both before and after 1997 supports the assertions of Ms. Warren and Mr. Christophersen that office downsizing and reorganization caused the delays in 1997 and that, in the future, FOIA requests will be responded to in a timely manner.

Having reviewed all of the considerations relevant to determining the appropriateness of declaratory relief, the court concludes based on the record before it in this case that it is unlikely that the USDA has in the past or will in the future invoke a policy of delay in responding to FOIA requests. It is the determination of this court, therefore, that there exists no cognizable danger or reasonable expectation of recurrent violations of the FOIA by the defendants. Accordingly, the court rules that declaratory relief is not appropriate in this case.

For the reasons stated herein, the court will grant the defendants' motion for summary judgment and will deny the plaintiffs' cross-motion for summary judgment. An appropriate Order directing Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously executed and issued this 22 day of March, 1999.

### ORDER

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously executed and issued this 22 day of March, 1999, it is hereby

**ORDERED** that the Defendants' Motion for Summary Judgment is **GRANTED;** and it is

**FURTHER ORDERED** that the Plaintiffs' Motion for Summary Judgment is **DENIED;** and it is

48

**FURTHER ORDERED** that this case be removed from the court's docket and all other pending motions be denied as moot.

**SO ORDERED.**